## MOLL v. LLOMPART.

### APPEAL from the District Court of San Juan.

No. 640.—Decided May 31, 1911.

DIVORCE—PROVISIONAL SUPPORT—RIGHT OF OPTION OF HUSBAND.—The right of option which section 218 of the Revised Civil Code allows is not absolute nor inflexible, and the offer of the husband to support his wife in his own home may be refused when the acceptance thereof is barred by legal, moral, or social motives, or when a reasonable and justifiable cause for declining said offer exists.

ID.—CHARACTERISTIC ELEMENTS OF ABANDONMENT.—The abandonment of one spouse by the other implies a permanent separation from bed and board by the will of one or the other and the denial on his or her part of the assistance due to the other spouse. It is the duty of the wife to follow the husband wherever he may establish his residence, and it must be understood that she voluntarily fails to follow him unless it appears that there is some reason which prevents her from so doing. The firm and constant determination of one of the spouses not to live with the other spouse and thus comply with the duties imposed upon such person by the natural and the civil law, and such determination being persisted in for more than one year constitutes abandonment as defined by section 164 of the Civil Code as a cause for divorce.

ID.—ABANDONMENT—FIRM AND DECIDED DETERMINATION OF SPOUSES—PERIOD OF ABANDONMENT.—The abandonment given as ground for divorce in section 164 of the Civil Code is one which not only includes a period longer than one year, but which must be accompanied by such circumstances as show a firm and determined resolution on the part of one of the spouses of living forever separated from the other spouse and to break the matrimonial bonds existing between them. If it does not appear from the evidence that the facts referred to in the preceding paragraph have been proved, the action for divorce should be dismissed.

The facts are stated in the opinion.

*Mr. Antonio Sarmiento* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for The People.

The respondent did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a suit for divorce based on the ground of abandonment. A similar case between the same parties was decided by this court on March 28, 1906. The husband having appealed from a judgment of the district court it was affirmed. There was no statement of facts from which the appellate court could determine whether or not the trial court had erred in weighing the evidence, as contended by

the appellant, and consequently in the opinion of. this court
it was considered that the judgment below must have been
in accordance with the facts proven on the trial.

The present suit was filed on April 28, 1910, and plaintiff
in his complaint alleged the following. as facts:

"That on the 19th of May, 1903, the plaintiff married the de-
fendant, the latter having abandoned him from the very moment
that the marriage ceremony had taken place without the defendant
ever having lived with the plaintiff thereafter; that the defendant
having presented a claim for support against the plaintiff the latter
elected that the defendant should receive said support at the house
of the plaintiff, which proposal was not accepted by the defendant;
that the defendant abandoned the plaintiff on the 22d of January,
1906, with the firm resolution of living separated from him, and
sailed away for Santo Domingo, where she had remained until the
filing of the complaint."

The defendant denied all the allegations of the complaint
except the first and second, and alleged in defense that the
plaintiff had abandoned the defendant from the moment that
the marriage was celebrated and had never lived with her
since; and that as the plaintiff had abandoned her she had
to go and live with her sister, who transferred her domicile
to the Dominican Republic, the defendant going with her
because she had no other resource for her subsistence.

The district court, on September 2, 1910, declaring the
law and the facts to be in favor of the defendant, denied
the divorce at the cost of the plaintiff. From this judgment
the plaintiff took this appeal.

On the trial the following facts were proven:

"That the defendant had a child by the plaintiff, which was
born on the 14th of March, 1903. She filed a complaint against the
plaintiff for seduction, but the case was dismissed on account of the
marriage of the parties, and as soon as the marriage was celebrated
the plaintiff abandoned the defendant and had never lived with her
since. The defendant prosecuted a suit against the plaintiff for
support without obtaining any result, as he endeavored to show before
the court that he was willing to live with his wife, and although he

stated in the court that he wished to support her in his own house, he never informed the defendant of any such thing. The defendant went to his office before leaving for Santo Domingo with the purpose of inquiring what was his determination about her, and the plaintiff replied that she could do what she pleased as he was under no obligation to her; that such expressions were made to her in 1906, when she was ready to go to Santo Domingo, and with very bad manners; that the defendant being in such distress she was compelled to go to Santo Domingo with her sister.''

The plaintiff also presented in evidence a letter written by his wife, said letter not being excepted to by the defendant, and which reads as follows:

''Mr. Sebastián Moll. Your endeavor in obtaining a divorce from me has been completely useless, and as you have been prevented from satisfying your wishes in regard to this matter I have firmly decided to leave the island with the purpose of not returning for a long time. Nothing will exist any longer between ourselves, and never, at least not for a long time, I shall have to suffer the grievance of your presence. I leave my country and a long time shall have to elapse before our looks might meet again. God grant that you will not have to suffer for all the evil you have done to me. María Llompart de Moll.''

The plaintiff further testified as follows:

''That the defendant did not call at all at his office to see him and has never tried to go to his house and live with him.''

To questions put by the defense, he replied:

''That when the marriage took place he did not take his wife along home with him, as she refused to go with him; that after leaving the court he never took any steps to bring home his wife, as she had previously refused to go with him, and it was only when she claimed his support that he stated to her that she could go to his house and live with him; that after the date at which the plaintiff states that he was ready to bring home his wife and support her he did not take any other steps in order that she might go with him, the child having died before the celebration of the marriage; that the defendant did not go to see him before sailing for Santo Domingo; that the defendant went to live with her sisters after the

marriage had taken place and was there until she went to Santo Domingo.''

It will be observed that the evidence on some points is conflicting. Notwithstanding this fact and the general rule that in the absence of passion, partiality, or prejudice on the part of the trial court, or manifest error in the decision of the case, we could accept the finding made below as final, we have carefully considered all the evidence and arrive at the same conclusion reached by the court below, that the proof of abandonment is not preponderant in favor of the plaintiff and that he has failed to make out his case.

The appellant bases his appeal on four legal propositions or assignments of error, which are substantially the following:

''1. That the court committed an error in not considering, in violation of section 71 of the Law of Evidence, the force of the evidence of the certificate issued by the secretary of the district court, which shows that the plaintiff was ready to bring his wife to his domicile when she filed the claim for support.

''2. The court also committed an error in not considering the force of the evidence in the private documents, and has infringed paragraph 2 of section 101 of the Law of Evidence in not regarding the letter which the defendant sent to the plaintiff by her sister Belén as definite presumption of the firm purpose on the part of the defendant of abandoning her husband.

''3. The court did not use its judicial discretion in accordance with the Law of Evidence, and violated section 162 of said law in relation with section 68 of said law, and in not giving due weight to the oral testimony in so far as the same shows that Mrs. María Llompart had abandoned her husband, said abandonment having lasted for a period longer than one year.

''4. The judgment of the district court violates paragraph 5 of section 164 of the Civil Code in not granting the divorce demanded by the plaintiff inasmuch as it has been shown by all the evidence that Mrs. Llompart abandoned the plaintiff with the purpose of living separated from him, notwithstanding his offer made to her that she might come to his house and receive there his support, which

proposal was refused by the defendant, she thereafter having left the Island for Santo Domingo.''

Appellant's counsel also made an oral argument at the hearing.

The respondent filed no brief in the case nor did anyone appear for her on the oral argument.

The *fiscal*, in his official capacity, appeared at the hearing in this court and made an oral argument and filed a report to the following effect:

''That this case is identical with the previous one between the same parties, which was decided by the Supreme Court on March 28, 1906, the facts being almost the same, alleging as new matter only the absence of the wife, who was living in the Dominican Republic, she having acted in such a manner as to show a decided purpose of abandoning her husband. The legal question is the same as the one alleged in the former suit for divorce prosecuted by the plaintiff—that is to say, the abandonment on the part of the defendant. Neither has a single witness testified in a positive manner in reference to the purpose of Mrs. Llompart of living separated from her husband, nor is there any evidence supporting such determination on the part of the defendant. The only proof which might have some importance in this case is the letter which the defendant wrote to the plaintiff before sailing for Santo Domingo, which letter may be considered as a complaint on her part on account of the conduct of the plaintiff rather than a resolution of the defendant of abandoning the plaintiff, and although she states in said letter that she will not return to Porto Rico for a long time she does not designate any period in years or otherwise, nor does she state in the letter that she has any intention of abandoning her husband. The separation of plaintiff and defendant is a fact that can be perfectly understood. The marriage celebrated between the parties was the result of a seduction case prosecuted against the plaintiff by virtue of a complaint which the defendant filed against him; the parties were married and after that the plaintiff abandoned her. When the suit instituted by the defendant against the plaintiff claiming his support was decided, the defendant was not informed of the statement which her husband made in court, that he was willing to take her into his own house; nothing was said to her about that, and the plaintiff did not show by any act of his that such was his intention,

from which it may be inferred that he never took any steps to accomplish such a decision. The doctrine applicable to this case is well established by this honorable court in the previous case decided here between the same parties on March 28, 1906. For which reasons the judgment of the district court rendered in this case should be affirmed with costs against the plaintiff."

Let us examine the four several errors assigned by the appellant as grounds for the reversal of the judgment from which this appeal was taken.

First. That the court failed to give proper weight to the certificate of the secretary of the district court showing that the plaintiff in the suit brought against him by his wife for support had offered to take her to his domicile and there provide for her, and that this failure on the part of the trial court was in violation of section 71 of the Law of Evidence. It will be seen from a casual reading of this section that the fact that the plaintiff made such an offer is only proven *prima facie* by this certificate. It may be that the other evidence in the case, to the satisfaction of the trial court, rebutted this *prima facie* evidence. There is great room to doubt the good faith of this offer on the part of the plaintiff since he never actually communicated it to the defendant, nor requested her to share his bed and board, and when she called upon him at his office received her rudely and exhibited no kindly feeling toward her. We cannot say that the trial court erred in the consideration of this certificate, especially as a copy of the certificate itself does not appear in the record.

Second. That the court, in violation of section 101 of the Law of Evidence, did not properly consider the force of the letter written by the defendant to the plaintiff when about to set out for Santo Domingo. This letter, which is copied above, does not state that she intends to abandon her husband, nor can such an intention be fairly inferred from its language. It is more of a complaint of his neglect and an

excuse for leaving the Island, as she was compelled to do in order to live.

The third and fourth assignments of error may be considered together.

Third. That the trial court abused its judicial discretion, in violation of sections 162 and 68 of the Law of Evidence, in not giving proper weight to the documental as well as the oral evidence showing the abandonment of the plaintiff by his wife for more than a year.

Fourth. That the court violated section 164 of the Civil Code in not granting the divorce on the ground of abandonment. It is unnecessary to quote these sections of our statute law. A mere reading of them will show that the trial court was not unmindful of them, and in our opinion construed them correctly and applied them to the evidence in the case in denying the divorce.

This suit is based, as is before stated, on the alleged abandonment of the husband, the plaintiff, by the wife, who is the defendant. In our opinion no such abandonment is shown by the evidence. If there has been any abandonment of one spouse by the other, it was the husband who abandoned the wife. It is gathered from the record that the parties lived together before they were married and had one child, which has since died; that the man was prosecuted for seduction on a complaint made by the woman, and the prosecution resulted in a marriage, which took place in the courtroom. That the man was liberated on the celebration of the marriage and went to his home without inviting the wife to accompany him, but left her standing where she was on the conclusion of the ceremony. Of course she could do nothing else but return to the home of her family, where she lived with her sisters. The husband and wife have never lived together.

Some time after the marriage the wife sued the husband for support. She claimed $20 per month for her maintenance. The court awarded her the sum mentioned. But

the defendant, the husband, claimed the right under the statute of supporting her in his own house. The order for maintenance was modified to admit the right claimed by the husband; but it seems that although this offer was made in court it was never actually communicated to the wife. From all the circumstances shown by the record this offer was only made to evade the judgment of the court. It does not appear that the wife was ever actually invited to share the home and fare, the bed and board, of her husband. Besides, she states that he had no home of his own, but dwelt with his mother and sisters, who were not friendly to the wife, and with whom she would have been unwilling to live, even had she been invited to do so. (Art. 218, Civil Code of Porto Rico.)

The offer of the husband to support his wife in his own home may be refused when the acceptance thereof is barred by legal, moral, or social motives, or when there exists a reasonable and justifiable cause for declining said offer. Under a doctrine of the Supreme Court of Spain set up in a judgment of July 5, 1901, "the right of option which section 149 of the Civil Code of Spain (sec. 218 of the Porto Rico Code), allows to the person obliged to render support, to either pay the amount required to be paid, or receive and maintain in his own dwelling the recipient, is not absolute or inflexible, but is subordinated to the double condition that the person obliged to render such support should have a home of his own, and that there be no legal or moral obstacle to prevent the recipient from moving into the same and receiving therein the sum of comforts and succor, both natural and civil, which are juridicially meant by the word support; because if either of these elements is lacking, the election becomes impossible both in fact and in law, and the obligation to render support must be fulfilled in the first way indicated." To the same effect are the American authorities. (See 21 Cyc., p. 1150.)

The new feature in the present case, in which it is said

to differ from the former case between the same parties, consists in a letter written to the plaintiff by the defendant about the time she went with her sister to reside in Santo Domingo. That letter, taken in its terms most favorable to the plaintiff when read in connection with other facts contained in the record, is not sufficient to prove abandonment in the sense used in the law of divorce.

Abandonment to justify a divorce must be such as is described in the case of *Moret* v. *Vázquez,* 5 P. R., 489. In that case this court says:

"The abandonment of one spouse by the other implies a permanent separation by the latter and the denial on his or her part of the assistance due to the other spouse.

"It is the duty of the wife to follow the husband wherever he may establish his residence, and it must be understood that she voluntarily fails to follow him unless it appears that there is some reason which prevents her from so doing.

"The firm and constant determination of one of the spouses not to live with the other spouse, and thus comply with the duties imposed upon such person by the natural and the civil law, and such determination being persisted in for more than one year, constitutes abandonment as defined by article 164 of the Civil Code as a cause for divorce." (*Moret* v. *Vázquez, supra.*)

If the wife in the case before us has ever shown any unwillingness to live with the husband or to comply with her duty to follow him, a very good reason for her not doing so appears from the facts of this case. And before setting out for the neighboring Island of Santo Domingo she states that she called on him and sought to learn his wishes, with the presumed intention of complying with them. But her efforts were fruitless. As far as appears from the record, the conduct of the wife since the marriage has been blameless. This is more than can be said for the husband.

The Moret case defining abandonment has been approved and the term further explained by this court in the case of *Vázquez* v. *García* in 7 Porto Rico Reports on page 406.

That opinion, in effect, declares that the abandonment admitted as ground for divorce in section 164 of the Civil Code is one which not only includes a period longer than one year, but it must be accompanied by such circumstances as show a firm and determined resolution on the part of one of the spouses of living forever separated from the other spouse and of dissolving the marriage relation existing between them. If it does not appear from the evidence that such facts have been proven, the complaint for divorce must be denied. (*Vázquez* v. *García,* 7 D. P. R., 406.)

Mrs. Moll has certainly, as far as appears from the record herein, never shown a firm and determined resolution of living forever separated from her husband and of dissolving the marriage relation existing between them. Had she been properly invited so to do, there is every reason to believe she would have lived with him in such a house as he might have been able to afford.

Inasmuch as in this case, like the ones to which reference has just been made, the circumstances do not show an abandonment as the law requires, the divorce cannot be granted. From all the facts proven and from the law applicable thereto, after fully considering the arguments presented, the judgment of the trial court should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Aldrey did not take part in the decision of this case.